UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

Seantel Cunningham,

    Plaintiff,

v.

Equifax Information Services, LLC,
    Defendant.

Case No.:

## COMPLAINT AND JURY DEMAND

NOW COMES the Plaintiff, Seantel Cunningham, by and through her counsel, and for her Complaint pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. § 1681p.

2. This is an action brought by a consumer for violation of the Fair Credit Reporting Act (15 U.S.C. §1681, *et seq*. [hereinafter "FCRA"]).

### VENUE

3. The transactions and occurrences which give rise to this action occurred in the City of Stockbridge, Henry County, State of Georgia.

4. Venue is proper in the Northern District of Georgia, Atlanta Division.

### PARTIES

5. Plaintiff is a natural person residing in Stockbridge, Henry County, Georgia.

6. The Defendant to this lawsuit is:

    a. Equifax Information Services, LLC ("Equifax") is a domestic limited liability company that conducts business in the State of Georgia;

## GENERAL ALLEGATIONS

7. The tradeline of MOHELA/Department of Education opened August 2017 ("Errant Tradeline") is erroneously reporting as "consumer disputes after resolution" on Plaintiff's Equifax credit file.

8. Plaintiff no longer disputes the Errant Tradeline.

9. On or about March 12, 2024, Plaintiff obtained her Equifax credit disclosure and noticed the Errant Tradeline reporting with erroneous dispute notation.

10. On or about March 22, 2024, Plaintiff sent a letter to Equifax stating that she no longer disputes the Errant Tradeline and wants the dispute notation removed from the tradeline.

11. Equifax received Plaintiff's letter on April 10, 2024.

12. Equifax forwarded Plaintiff's letter to MOHELA/Department of Education.

13. MOHELA/Department of Education received Plaintiff's letter from Equifax.

14. On or about May 28, 2024, after not having received investigation results from Equifax, Plaintiff obtained her Equifax credit disclosure, which showed MOHELA/Department of Education last reported the tradeline on April 30,

2024 and that Equifax and MOHELA/Department of Education failed or refused to remove the erroneous dispute notation from the Errant Tradeline.

15. Defendant's failures to remove the erroneous dispute notation make the Errant Tradeline false and misleading to any user of Plaintiff's credit report. It also damages Plaintiff by preventing her from obtaining any mortgage loan or refinancing of the same, as conventional lenders will not grant a mortgage based on a credit report that has any tradeline reported as disputed.

16. As a direct and proximate cause of Defendant's negligent and/or willful failure to comply with the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, Plaintiff has suffered credit and emotional damages such as stress, shock, depression, and anger. Plaintiff also suffered from loss of sleep, headaches, and diminished work capacity due to Defendant's failure to correct the errors in her credit files or improve her financial situation by obtaining new or more favorable credit terms as a result of Defendants' violations of the FCRA.

## COUNT I

**NEGLIGENT VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

17. Plaintiff realleges the above paragraphs as if recited verbatim.

18. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

19. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

20. Equifax negligently failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

21. After receiving Plaintiff's dispute of the Errant Tradelines, Equifax negligently failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

22. As a direct and proximate cause of Equifax's negligent failure to perform its duties under the FCRA, Plaintiff suffered emotional distress damages including stress, shock, depression, and anger. Plaintiff also suffered from loss of sleep, headaches, and diminished work capacity as a result of Equifax's willful failure to perform its duties under the FCRA.

23. Equifax is liable to Plaintiff by reason of its violation of the FCRA in an amount to be determined by the trier fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681o.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for actual damages, costs, interest, and attorneys' fees.

## COUNT II

**WILLFUL VIOLATION OF THE FAIR CREDIT REPORTING ACT BY EQUIFAX**

24. Plaintiff realleges the above paragraphs as if recited verbatim.

25. Defendant Equifax prepared, compiled, issued, assembled, transferred, published, and otherwise reproduced consumer reports regarding Plaintiff as that term is defined in 15 U.S.C. § 1681a.

26. Such reports contained information about Plaintiff that was false, misleading, and inaccurate.

27. Equifax willfully failed to maintain and/or follow reasonable procedures to assure maximum possible accuracy of the information that it reported to one or more third parties pertaining to Plaintiff, in violation of 15 U.S.C. § 1681e(b).

28. After receiving Plaintiff's dispute of the Errant Tradeline, Equifax willfully failed to conduct a reasonable reinvestigation as required by 15 U.S.C. § 1681i.

29. As a direct and proximate cause of Equifax's willful failure to perform its duties under the FCRA, Plaintiff suffered emotional distress damages including stress, shock, depression, and anger. Plaintiff also suffered from

loss of sleep, headaches, and diminished work capacity as a result of Equifax's willful failure to perform its duties under the FCRA.

30. Equifax is liable to Plaintiff by reason of its violations of the FCRA in an amount to be determined by the trier of fact together with her reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n.

**WHEREFORE, PLAINTIFF PRAYS** that this Court grants her a judgment against Equifax for the greater of statutory or actual damages, plus punitive damages along with costs, interest, and reasonable attorneys' fees.

### JURY DEMAND

Plaintiff hereby demands a trial by jury.

Respectfully submitted,

Dated: June 10, 2024

/s/ Gary Hansz
Gary Hansz
GA Bar No. 534669
Credit Repair Lawyers of America
39111 Six Mile Rd., Ste. 142
Livonia, MI 48152
Telephone: (248) 353-2882
Facsimile: (248) 353-4840
E-Mail: gary.hansz@crlam.com
*Attorney for Plaintiff*